IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ED EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:08-cv-04085-NKL |
| | ) |
| CITY OF LAKE OZARK, MISSOURI, and | ) |
| WALLY SCHROCK, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff Ed Evans ("Plaintiff") brought this suit under 42 U.S.C. § 1983 claiming that Defendants City of Lake Ozark, Missouri ("the City"), and its former employee, Wally Schrock (collectively "Defendants"), violated his rights under the United States Constitution. Plaintiff alleges that Defendants violated his right to freedom from unreasonable seizure under the Fourth Amendment, his right to freedom from takings without compensation under the Fifth Amendment, his right to procedural due process under the Fourteenth Amendment, and his right to equal protection under the Fourteenth Amendment. Plaintiff asserts two additional claims against Defendant Schrock under Missouri law: (1) that Defendant Schrock tortiously interfered with Plaintiff's business expectancy and (2) that Defendant Schrock trespassed on Plaintiff's property. Pending before this court are Defendants' Motion for Summary Judgment [Doc. # 64] and Plaintiff's Motion for Summary Judgment [Doc. # 68]. For the reasons stated herein, Defendant's motion is GRANTED and Plaintiff's motion is

1

DENIED.

I.  **Factual background**[1]

In 1992, Plaintiff acquired title to the Deer Motel property at 1721 Bagnell Dam Boulevard, Lake Ozark, Missouri ("the Motel"). Plaintiff leased the property to others for the purpose of operating the Motel until it ceased operations sometime in 2000.

Defendant Schrock was at all relevant times employed by the City as Director of Community Development and Building Commissioner.[2] The City also employed Robert Ashford as Building Inspector.

Mr. Ashford first inspected the Motel on October 10, 2000, accompanied by Defendant Schrock. Mr. Ashford prepared an inspection form noting six code violations. Defendant Schrock observed motel rooms with busted-off doors and rooms with trash, leaves, dirt, grass, mud, and water inside. Plaintiff was not present for this inspection; at no time was he present at the Motel when any employee of the City was present.

Following this inspection, Defendant Schrock, on behalf of the City, sent a letter to Plaintiff dated October 16, 2000, informing him that code violations had been found by the

---

[1] Under Local Rule 56.1, all statements of undisputed material fact set out in a motion for summary judgment not specifically controverted by the non-movant are deemed admitted. Thus, where a party has denied a fact without setting out specific facts showing a genuine issue for trial, those facts have been deemed admitted. A statement that a party has no knowledge of a fact is not an adequate denial.

[2] Plaintiff denies that Defendant Schrock was Building Commissioner, pointing to his own affidavit and to Defendant Schrock's deposition testimony as evidence that Defendant Schrock's position with the City was Director of Community Development. The fact that Defendant Schrock was Director of Community Development for the City is no indication that he was not also Building Commissioner.

building inspector at the Motel. The letter stated in relevant part:

> The City of Lake Ozark Building Inspector has found the building at 1721 Bagnell Dam Blvd. to be a dangerous building within the standards set forth in Section 505.020 of the City Municipal Code. This letter is to notify you that the owner of this building must vacate and repair, or vacate and demolish the building in accordance with the terms of this notice and Chapter 505 of the City Municipal Code. Construction or demolition must commence within thirty days of receipt of this notice and must proceed continuously without unnecessary delay.

In November 2000, Plaintiff sold the Motel to David Steinmeyer and Mark Mayer for $170,000, taking back a Deed of Trust on the property. Plaintiff claims never to have received any money for this purchase from Mr. Steinmeyer or Mr. Mayer. Plaintiff never went up to the Motel's buildings in 2001, though he did pass by them a few times.

Apparently aware of the change in ownership, Defendant Schrock sent Mr. Steinmeyer and Mr. Mayer a letter on March 7, 2001, informing the new owners of the results of Mr. Ashford's October 10, 2000, inspection. Defendant Schrock sent substantially identical letters to Plaintiff and to Mr. Steinmeyer and Mr. Mayer on March 19, 2001.

Mr. Ashford inspected the Motel a second time on October 10, 2001. He prepared another inspection form, this time noting 14 code violations.

Defendant Schrock sent another letter to Plaintiff on October 19, 2001, stating that the Motel had been found to be a "dangerous building." This letter was substantially identical to the letters sent in March and April of 2001. Defendant Schrock sent an identical letter to Mr. Steinmeyer and Mr. Mayer that same day. The City ran a legal notice in the *Lake Sun Leader* newspaper containing substantially identical language.

Defendant Schrock sent another letter to Plaintiff on November 21, 2001. This letter informed him that the City would hold a hearing regarding the Motel on December 20, 2001, "to give anyone who has interest in the Deer Motel property the opportunity to show cause why the Deer Motel building reported to be a dangerous building should not be repaired, vacated, or demolished in accordance with the building inspector's report." Defendant Schrock sent an identical letter to Mr. Steinmeyer and Mr. Mayer. Defendants claim the City ran a legal notice containing identical language to the November 21, 2001, letter in the *Lake Sun Leader* for two weeks.[3]

The City held a hearing on December 20, 2001, regarding the Motel. The purpose of the hearing was to allow "the owner, occupant, mortgagee, lessee, or agent of the Deer Motel property to show cause why repairs or demolition had not occurred in compliance with Dangerous Building Orders." Neither Plaintiff, as deed of trust holder, nor the owners, Mr. Steinmeyer and Mr. Mayer, appeared at the hearing. Defendant Schrock, as Building Commissioner, declared at the hearing that any interested party would have thirty days from the date of the hearing to repair or demolish the building and that after that time the City would have the building repaired or demolished.

Defendant Schrock sent Plaintiff a letter on December 27, 2001, informing him of the

---

[3]Defendants' Exhibit N is a Memo requesting publication in the *Lake Sun Leader*. Defendants' Exhibit L contains minutes of the hearing which took place December 20, 2001, which states that an affidavit of publication was presented at the meeting along with the letter of notification. However, Defendants have not produced the affidavit of publication or the actual published notice, as they did with respect to other legal notices published in the *Lake Sun Leader*. It is unnecessary for the Court to determine whether or not this notice was actually published in order to resolve the pending motions.

4

results of the December 20, 2001 hearing. The letter references the Building Commissioner's authority under section 505.080 of the City's Municipal Code to determine what course of action should be taken by the City upon the failure of any interested party to take action to correct the problems with the property. Mr. Steinmeyer and Mr. Mayer were sent a similar letter.

> Section 505.090 of the City Municipal Code of the City of Lake Ozark states that:
>
> Any owner, occupant, lessee, mortgagee, agent or any other person(s) having an interest in a dangerous building as shown by the land records of the Recorder of Deeds of the County wherein the land is located, may, within thirty (30) days from the receipt of the order of the Building Commissioner, appeal such decision to the Circuit Court of the County wherein the land is located, pursuant to the procedure established in Chapter 536 of the Revised Statues of Missouri.

There is no indication in the record that Plaintiff appealed Defendant Schrock's decision to any Missouri Circuit Court. Plaintiff acknowledges that he had actual notice of the City's plan to demolish the building, but says he did not have notice until after the December 20 hearing. A January 15, 2002, letter from Plaintiff's attorney to the City's Clerk indicates that Plaintiff had "received notices of intended action by the city" toward the Motel. This letter also references the City's plan for "demolishing the building." The City responded to this letter on January 23, 2002, by suggesting that Plaintiff file an "appropriate motion for injunctive relief with the court of proper jurisdiction." There is no indication Plaintiff filed any motion for injunctive relief prior to the Motel's demolition.

From February 5, 2002 to February 11, 2002, the City ran a legal notice in the *Lake Sun Leader* regarding accepting bids for the demolition of the Motel. The City awarded the

5

bid to Hancock Construction Company on March 19, 2002. Demolition of the motel was complete by March 25, 2002. Plaintiff first sued Defendants on February 14, 2007.

## II. Discussion

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a district court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248.

### A. Section 1983 Constitutional Claims

Plaintiff alleges that Defendants violated 42 U.S.C. § 1983 because they infringed on his constitutional rights in four ways: (1) by unlawfully seizing the Motel in violation of the Fourth Amendment, (2) by unlawfully taking the Motel without compensation in violation

6

of the takings clause of the Fifth Amendment, (3) by failing to provide notice of the City's plans with respect to the Motel in violation of Plaintiff's procedural due process rights under the Fourteenth Amendment, and (4) by selectively enforcing the City's dangerous buildings code in violation of the equal protection clause of the Fourteenth Amendment.

Plaintiff also asserts – for the first time – in his suggestions in opposition to Defendants' Motion for Summary Judgment that the City's dangerous buildings code is facially unconstitutional [Doc. # 75, pp. 25-26]. Because this allegation is not a part of the Amended Complaint, this Court cannot render summary judgment on this point. *See Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002). *See also* Fed. R. Civ. P. 56(a) (permitting summary judgment only on the claim itself); Fed. R. Civ. P. 8(a) (requiring that a complaint set forth a short and plaint statement of all grounds for relief).

### 1. Fourth Amendment Seizure Claim

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. amend. IV. A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

An individual holding a deed of trust to a property does not have a possessory interest in that property. *See R. L. Sweet Lumber Co. v. E. L. Lane, Inc.*, 513 S.W.2d 365, 368 (Mo. 1974) (en banc). A deed of trust is a "lien and nothing more," which does not entitle its holder to the immediate use, enjoyment, or benefit of the property. *See id.* A holder of a

7

deed of trust is entitled only to the right to have the debt, if not otherwise paid, satisfied out of the property. *Id*.

Defendants are entitled to summary judgment on this claim because there is no evidence in the record that Plaintiff had any possessory interest in the Motel. Plaintiff acknowledges that he sold the Motel in November 2000, retaining only a deed of trust to the property. As a mortgagee, Plaintiff had no possessory interest in the Motel and, as a matter of law, Defendants could not have violated his Fourth Amendment rights by seizing the motel.

### 2. *Fifth Amendment Takings Claim*

The Fifth Amendment prohibits the government from taking private property for public use without just compensation. U.S. CONST. amend. V. "As a threshold matter, takings claimants must concede the propriety of the governmental interference with their property interests." *Nicholson v. United States*, 77 Fed. Cl. 605, 614 (2007) (calling this principle one of "the hallmarks of a Fifth Amendment taking"). Additionally, "[i]t is well settled that when the Government acts pursuant to its police power, independent of its Fifth Amendment rights, in order to protect the general health, safety, and welfare of its citizens, no compensable taking occurs." *Amerisource Corp. v. United States*, 75 Fed. Cl. 743, 747 (2007).

Here, Plaintiff has challenged the propriety of the City's interference with his property interests in the Motel on three separate constitutional grounds apart from this takings clause claim. As such, he has clearly not conceded the propriety of the City's interference with his

8

property rights and cannot, as a matter of law, succeed in this claim. Furthermore, even if Plaintiff had standing to make this claim, the claim would fail as a matter of law because Plaintiff never sets forth any facts suggesting the alleged taking was for public use, as opposed to protecting the health and safety of the City's residents. Defendants are therefore entitled to summary judgment on this claim.

### 3. Fourteenth Amendment Procedural Due Process Claim

The Fourteenth Amendment provides that no person shall be deprived of property without due process of law. U.S. CONST. amend. XIV, § 1. Due process requires notice and an opportunity to be heard. *See Bd. of Regents v. Roth*, 408 U.S. 564, 570 (1972). The requirement of notice may be satisfied by actual notice or by "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950). Notice by mail is ordinarily sufficient to satisfy due process and proof of actual notice is not required. *Crum v. Vincent*, 493 F.3d 988, 993 (8th Cir. 2007) (citing *Jones v. Flowers*, 547 U.S. 220 (2006); *Nunley v. Dep't of Justice*, 425 F.3d 1132, 1136 (8th Cir. 2005)).

Defendants are entitled to summary judgment because Plaintiff was provided with notice of a hearing at which any objection to the City's plan to demolish the Motel could have been heard. On November 21, 2001, Defendants sent Plaintiff, via regular and certified mail, a letter notifying him that a hearing on the planned demolition of the Motel was scheduled for December 20, 2001. To controvert this fact, Plaintiff states only that he never

received such a letter [Doc. # 75, ¶ 32].[4] This claim, even if true, does not specifically controvert the fact that Defendants sent such a letter, and notice by mail is sufficient to satisfy due process, regardless of whether actual notice can be proven by receipt of the letter. Despite Plaintiff's claim that he did not have actual notice of the hearing until after it had occurred, Defendants have demonstrated that they complied with the notice by mail requirements of the Fourteenth Amendment, and they are therefore entitled to summary judgment on Plaintiff's procedural due process claim.

### 4. *Fourteenth Amendment Equal Protection Claim*

The Fourteenth Amendment prohibits states from denying any person equal protection of the laws. U.S. CONST. amend. XIV, § 1. Where a plaintiff making an equal protection claim does not allege membership in a protected class or that fundamental rights have been violated, the plaintiff must show that the defendant "intentionally treated [him or her] differently from others similarly situated and that there is no rational basis for the difference in treatment." *Nolan v. Thompson*, 521 F.3d 983, 989–990 (8th Cir. 2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). A plaintiff asserting such a "class-of-

---

[4]Plaintiff does, in response to a different factual stipulation, object to the Court's consideration of the file containing the November 21 letter on the grounds that the file was not produced during discovery. However, he fails to raise that objection to controvert the letter's existence, and this Court finds Defendants' failure to produce the file both harmless and substantially justified. Defendants' failure to disclose the file during discovery is harmless because Plaintiff did have access to the file prior to the filing of the pending summary judgment motions, and Plaintiff offers no explanation for how he has been prejudiced by the delay in disclosing this file. Furthermore, the failure to disclose the file is substantially justified because Defendants have offered multiple affidavits stipulating that the file had been mistakenly lost in the office of the City Clerk until May 2009, at which time it was produced. As such, this Court has considered the file in issuing this Order. *See* Fed. R. Civ. P. 37(c)(1).

10

one" equal protection claim must "provide a specific and detailed account of the nature of the preferred treatment of the favored class." *Id.* (quoting *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213–14 (10th Cir. 2004)).

Defendants are entitled to summary judgment on Plaintiff's equal protection claim because there is no evidence to support Plaintiff's claim that he has been unfairly singled out. To support his claim, Plaintiff relies on the fact that the Motel, which he claims was in good condition,[5] was the only building on the Lake Ozark strip demolished. However, he fails to "provide a specific and detailed account of the nature of the preferred treatment" the City and Defendant Schrock allegedly gave to other property owners. Although Plaintiff claims the Motel was in "good condition," he references no other buildings on the strip in similar condition to his own and points to no other instance in which Defendants enforced the building code in a different manner. Because there is no evidence that he was treated any differently from other property owners, no reasonable jury could find for Plaintiff on his equal protection claim, and Defendants are entitled to summary judgment.

### B.    State Law Claims

Missouri law recognizes the doctrine of official immunity. *See Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008) (en banc); *Davis v. Lambert-St. Louis Int'l*

---

[5]Plaintiff has submitted as an exhibit certain photos of the Motel, apparently as evidence that the Motel was not a "dangerous building" and was in good condition [Doc. # 75, ex. 9]. Not only do these photos fail to give a complete picture of the superficial condition of the Motel, they do nothing to indicate whether the building was "dangerous," as defined in the Lake Ozark building code. It would be impossible from photographs for this Court to make a determination as to the accuracy of the code violations asserted in Mr. Ashford's inspection forms, including insufficient strength, decay, sanitation problems, and dangerous wiring [Doc. # 65, ex. C].

11

*Airport*, 193 S.W.3d 760, 763 (Mo. 2006) (en banc). This doctrine "protects public employees from liability for alleged acts [. . .] committed during the course of their official duties for the performance of discretionary [but not ministerial] acts." *Davis*, 193 S.W.3d at 763 (citing *Kanagawa v. State*, 685 S.W.2d 831, 835 (Mo. 1985) (en banc), *overruled on other grounds by Alexander v. State*, 756 S.W.2d 539 (Mo. 1988) (en banc)). The doctrine "provides an absolute immunity from suit, not just immunity from liability after trial." *AGI-Bluff Manor, Inc. v. Reagen*, 713 F. Supp. 1535, 1539 (W.D. Mo. 1989) (citing *State ex rel. Mo Dep't of Agric. v. McHenry*, 687 S.W.2d 178, 181 (Mo. 1985) (en banc)).

A "discretionary" function is one requiring an official's exercise of judgment, while a "ministerial" function is a task "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." *Kanagawa*, 685 S.W.2d at 836 (internal quotation and citation omitted). Because the immunity is designed to minimize the threat to public servants of burdensome litigation, the definition of a discretionary act "must remain extremely broad." *AGI-Bluff Manor*, 713 F. Supp. at 1539.

Nonetheless, the immunity does not insulate discretionary acts committed in bad faith or with malice. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. 1986) (en banc). However, such bad faith or malice must be demonstrated with some proof other than a plaintiff's mere allegations. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 575 (8th Cir. 2009). Specifically, the Eighth Circuit has recently held that summary judgment cannot be avoided

12

by offering "innuendo regarding [a defendant's] mindset" or "speculation and conjecture about [a defendant's] ulterior motive." *See id*.

Defendant Schrock is entitled to official immunity because the actions he took that give rise to Plaintiff's state law claims were discretionary acts taken in the course of his official duties. Defendant Schrock was not obliged to take the actions he took with respect to the Deer Motel; he was required to make factual determinations with respect to the conditions of the property but then had the discretion to determine what action the City would take with respect to the building once the owners and Evans failed to act (i.e., whether it would be repaired, vacated, or demolished). *See* LAKE OZARK, MO., CODE § 505.080.5 ("If the owner, occupant, mortgagee or lessee fails to comply with the order within thirty (30) days, the Building Commissioner shall cause such building or structure to be repaired, vacated or demolished as the facts may warrant[.]").

Plaintiff argues that Defendant Schrock should be stripped of official immunity because he acted with malice and bad faith, however he offers no proof other than the mere allegations in his own affidavit[6] [Doc. # 75, ¶ 68 (citing Evans Aff., ¶ 10)]. The allegations of malice in Plaintiff's affidavit amount only to speculation as to an ulterior motive, which is insufficient to create a genuine issue of material fact for trial. *See Schmidt*, 557 F.3d at 575. It would render the doctrine of official immunity meaningless to allow a plaintiff to

---

[6]In his affidavit, Plaintiff states, "Wally Schrock trespassed on the property and arranged its demolition because of his strong dislike for me and because of a prior confrontation we had over the property of another individual named Carl Gaslander and his property. He did not trespass on the property and arrange to have it demolished because of safety concerns."

13

negate the immunity merely by presenting an affidavit in which he or she claims the defendant acted out of spite. Plaintiff has failed to demonstrate a genuine issue of material fact to overcome Defendant Schrock's affirmative defense.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Defendants' Motion for Summary Judgment [Doc. # 64] is GRANTED.

It is further ORDERED that Plaintiff's Motion for Summary Judgment [Doc. # 68] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: August 5, 2009
Jefferson City, Missouri